UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT A. STORY,

    Plaintiff,

v.                                                       CASE NO: 8:04-cv-1587-T-23TBM

JOHN KANG, et al.,

    Defendants.

_____/

**ORDER**

On behalf of nominal defendant Liquidmetal Technologies, Inc. ("Liquidmetal"), Robert Story ("the plaintiff") derivatively sues (Doc. 13) John Kang, William Johnson, James Kang, Brian McDougal, Thian-Song Tjoa, Henri Tchen, David Browne, Shekhar Chitnis, Ricardo A. Salas, Jack Chitayat, Betsy Atkins, and Jeffrey Oster (collectively "the individual defendants") for breach of fiduciary duty, abuse of control, insider trading, and related violations during the period from May 21, 2002, to March 30, 2004. The individual defendants move (Doc. 16) to dismiss the amended complaint for failure to plead "demand futility" with the specificity required to excuse the plaintiff's failure to issue a pre-suit demand to Liquidmetal's board of directors. In response, the plaintiff concedes (Doc. 20) that he failed to demand that Liquidmetal's board institute this action against the individual defendants but contends that such a demand would have

been futile because a majority of the board's six members[1] were incapable of making an independent and disinterested decision.

Rule 23.1, Federal Rules of Civil Procedure, procedurally governs derivative actions to "enforce a right of a corporation" and requires a shareholder seeking to maintain a derivative action to allege with particularity either a pre-suit demand to the corporation's board of directors or forbearance of the demand because of futility. See Fed. R. Civ. P. 23.1. While Rule 23.1 procedurally governs the form a shareholder's derivative complaint must take, it informs substantively neither the demand requirement nor the excuse of that requirement due to futility. Kamen v. Kemper Fin. Servs., 500 U.S. 90, 96 (1991) (Rule 23.1 "clearly *contemplates* both the demand requirement and the possibility that demand may be excused," but "does not *create* a demand requirement of any particular dimension")(emphasis in original). Because Liquidmetal is a Delaware corporation (Doc. 13 at 3), Delaware law properly governs the court's substantive analysis of Story's "demand futility" argument. Kamen, 500 U.S. at 101-03; Stepak v. Addison, 20 F.3d 398, 402 (11th Cir. 1994).

Under Delaware law, a shareholder's right to bring a derivative suit is limited to "situations where the stockholder has demanded that the directors pursue the corporate claim and they have wrongfully refused to do so or where demand is excused because the directors are incapable of making an impartial decision regarding such litigation." Rales v. Blasband, 634 A.2d 927, 932 (Del. 1993). Demand is excused if, under the

---

[1] The amended complaint alleges that, at the commencement of this action in July 2004, Liquidmetal's board consisted of seven members (Doc. 13 at 48). The individual defendants argue, and the amended complaint otherwise reveals, that Liquidmetal had a six-member board in July 2004, as Henri Tchen resigned from Liquidmetal's board on June 28, 2004 (Doc. 13 at 36).

particularized facts alleged in satisfaction of Rule 23.1, a reasonable doubt exists that a majority of the directors are disinterested and independent or that the challenged transaction otherwise qualifies as a valid exercise of business judgment.[2]  Aronson v. Lewis, 473 A.2d 805, 814 (Del. 1984), overruled on other grounds, 746 A.2d 244 (Del. 2000).

No party disputes that Rales provides the legal standard for evaluating the sufficiency of the amended complaint's allegations of demand futility.  Under Rales, a court must determine whether "the particularized factual allegations of a derivative stockholder complaint create a reasonable doubt that, as of the time the Complaint is filed, the Board of Directors could have properly exercised its independent and disinterested business judgment in responding to a demand."  Rales, 634 A.2d at 934. Applied here, the appropriate inquiry is whether Liquidmetal's board as constituted at the time of this action's filing could consider with prudent disinterest and independence a demand based on the merits of the amended complaint.  See Rales, 634 A.2d at 934.

At the time of this action's filing in July 2004, Liquidmetal's board of directors comprised six members:  John Kang, Vincent Addonisio, William Johnson, James Kang, Thian-Song Tjoa, and Dean Tanella (Doc. 13 at 48).  To sufficiently plead "demand futility," the plaintiff's factual allegations must raise a reasonable doubt as to the independence or disinterestedness of four of these six board members.[3]  The amended

---

[2]Because the plaintiff does not challenge any decision taken by Liquidmetal's board, the second part of the Aronson test is inapposite.

[3]In his response to the motion to dismiss, the plaintiff agrees: "For demand to be excused, plaintiff need only raise a reasonable doubt regarding the independence and/or disinterestedness of four of those Board members" (Doc. 20 at 12).

complaint raises no doubt and otherwise alleges nothing as to the independence or disinterestedness of either Vincent Addonisio or Dean Tanella (Doc. 20 at 12). Therefore, to survive the motion to dismiss (Doc. 16), the amended complaint must raise a reasonable doubt as to the independence or disinterestedness of all four remaining board members:  John Kang, William Johnson, James Kang, and Thian-Song Tjoa.

As to board member Thian-Song Tjoa ("Tjoa"), the amended complaint presents only scant and largely conclusory allegations that are insufficient either to satisfy the particularity requirements of Rule 23.1 or to raise a reasonable doubt as to Tjoa's independence or disinterestedness.  The amended complaint mentions Tjoa only twice under the section heading "DEMAND EXCUSED ALLEGATIONS" (Doc. 13 at 49).  In paragraph 92, the amended complaint states:

> Defendant Thian-Song Tjoa has served on [Liquidmetal's] Board of Directors since 1996.  Thian-Song, as a director, owed a duty to [Liquidmetal] and its shareholders to be reasonably informed about the business and operations of the Company.  Instead, Thian-Song breached these duties by actively participating in, encouraging, sponsoring, and/or approving many of the wrongful acts or omissions complained of herein and/or purposefully or recklessly disregarding these wrongful acts or omissions (Doc. 13 at 49).

And again, in paragraph 96, the amended complaint alleges: "Defendant Thian-Song was the beneficial owner of 10.4% of [Liquidmetal's] shares as of April 15, 2003" (Doc. 13 at 50).

If these allegations suffice to show a lack of independence, virtually no corporate director qualifies as sufficiently independent to consider a pre-suit demand. "Independence" exists if a director's decision is based upon "the corporate merits of the

- 4 -

subject before the board" rather than on "extraneous considerations or influences." Aronson, 473 A.2d at 816.  To sufficiently plead lack of independence, the plaintiff must allege particularized facts showing that a director is either "dominated by an officer or director who is the proponent of the challenged transaction" or "so under his influence that discretion is 'sterilize[d]." Levine v. Smith, 591 A.2d 194, 205 (Del. 1991), overruled on other grounds, 746 A.2d 244 (Del. 2000).  If a director is "controlled" by another, he is lacking in the independence necessary to consider the challenged transaction objectively.  Texlon Corp. v. Meyerson, 802 A.2d 257, 264 (Del. 2002).  The amended complaint (Doc. 13) fails to supply any allegation, much less an allegation supported by particularized facts, that Tjoa is controlled by another or otherwise lacks independence.

Alternatively, a director may have a disabling interest for pre-suit demand purposes because of divided loyalties. A director's loyalties are divided if, when faced with the demand, the director either stands to receive a personal financial benefit that is not equally shared by the shareholders or will suffer a "materially detrimental impact" that does not threaten the corporation or its stockholders.  Rales, 634 A.2d at 936; Aronson, 473 A.2d at 812.  Demand is futile if a majority of the directors cannot faithfully decide whether proceeding with the corporation's litigation is in the corporation's best interest because the complaint seeks redress for conduct that produced some personal financial benefit for only the directors.  Aronson, 473 A.2d at 814.  This personal benefit must arise "from the challenged transaction."  Rales, 634 A.2d at 933.  Once again, the amended complaint (Doc. 13) contains no allegation that Tjoa received any personal

benefit from the transactions challenged in this case, nor does it plead any particularized facts that would support such a legal conclusion.

In response to the motion to dismiss, the plaintiff argues, again in a conclusory fashion, that "a majority of Liquidmetal's directors face a substantial likelihood of personal liability" (Doc. 20 at 13). However, "the mere threat of personal liability for approving a questioned transaction, standing alone, is insufficient to challenge either the independence or disinterestedness of directors." Aronson, 473 A.2d at 815. A plaintiff may not "bootstrap allegations of futility" by pleading merely that "the directors participated in the challenged transaction or that they would be reluctant to sue themselves." Blasband v. Rales, 971 F.2d 1034, 1049 (3d Cir. 1992)(applying Delaware law). Nor can mere allegations that the directors would act to preserve their positions satisfy the requirements of "demand futility" pleading. Grobow v. Perot, 539 A.2d 180, 188 (Del. 1988), overruled on other grounds, 746 A.2d 244 (Del. 2000).

The bulk of the plaintiff's "demand futility" allegations are mere conclusions of law masquerading as allegations of fact (Doc. 13 at 52-54). Even within the forgiving confines of notice pleading, the court must eschew reliance on bald assertions and unsupported conclusions. Jewell v. City of Covington, Ga., 425 F.2d 459, 460 (5th Cir. 1970). Measured against the heightened pleading requirements of Rule 23.1, the plaintiff's allegations fall markedly short.

In sum, the plaintiff fails to allege any particularized facts raising a reasonable doubt that Tjoa is capable of making corporate decisions on the merits rather than on "extraneous considerations or influences." Aronson, 473 A.2d at 816. By failing to

allege facts sufficient to raise a reasonable doubt as to Tjoa's independence or disinterestedness as a board member, the plaintiff fails to allege that a majority (four of six) of Liquidmetal's board of directors are incapable of impartially considering the demand.  Accordingly, the individual defendants' motion to dismiss for failure to allege futility of demand is **GRANTED** and the plaintiff's amended complaint (Doc. 13) is **DISMISSED**.

ORDERED in Tampa, Florida, on January 20, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE